IN THE SUPREME COURT OF THE STATE OF NEVADA

KITRICH A. POWELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74168

**FILED**

SEP 13 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

Appellant filed his petition on January 9, 2017, more than one year after the remittitur issued on appeal from the judgment of conviction.[1] The petition was therefore untimely filed. *See* NRS 34.726(1). Moreover, appellant acknowledges that he previously sought postconviction relief. The petition was therefore successive to the extent it raised claims that were previously litigated and resolved on their merits, and it constituted an abuse of the writ to the extent it raised new claims. *See* NRS 34.810(2). Finally, because the State pleaded laches, appellant had to overcome the presumption of prejudice to the State. *See* NRS 34.800(2). Accordingly, the petition was procedurally barred absent a demonstration of good cause and actual prejudice, NRS 34.726(1); NRS 34.810(3), or a showing that the

---

[1]This court affirmed appellant's judgment and sentence in 1992, *Powell v. State*, 108 Nev. 700, 838 P.2d 921 (1992), but the United States Supreme Court vacated that decision. *Powell v. Nevada*, 511 U.S. 79 (1994). On remand, this court concluded that any error that occurred in the proceeding was harmless beyond a reasonable doubt. *Powell v. State*, 113 Nev. 41, 930 P.2d 1123 (1997).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-38425

procedural bars should be excused to prevent a fundamental miscarriage of justice, *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).

Appellant argues that he demonstrated good cause and prejudice sufficient to excuse the procedural bars because *Hurst v. Florida*, 136 S. Ct. 616 (2016), set forth a new retroactive rule that requires trial courts to instruct jurors that the State must prove that the aggravating circumstances are not outweighed by the mitigating circumstances beyond a reasonable doubt. We disagree. *See Castillo v. State*, 135 Nev., Adv. Op. 16, 442 P.3d 558 (2019) (discussing death-eligibility in Nevada and rejecting the argument that *Hurst* announced new law relevant to the weighing component of Nevada's death penalty procedures); *Jeremias v. State*, 134 Nev. 46, 57-59, 412 P.3d 43, 53-54 (same), *cert. denied*, 139 S. Ct. 415 (2018). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                           Hardesty

_____, J.        _____, J.
Parraguirre                         Stiglich

_____, J.        _____, J.
Cadish                              Silver

cc: Hon. Tierra Danielle Jones, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk